# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| WILLIAM CHARLES MURPHY, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | Misc. No. 2:14-mc-24-DBH |
| Internal Revenue Service, | ) | |
| Defendant | ) | |

## ORDER ON MOTION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER OF THE BANKRUPTCY COURT

This is a motion by the Internal Revenue Service for leave to appeal an interlocutory order of the bankruptcy court on a petition under 26 U.S.C. § 7433(e). The motion is **Denied**.

On cross-motions for partial summary judgment, the bankruptcy court granted partial summary judgment against the Internal Revenue Service, concluding that, on the summary judgment record, the Internal Revenue Service had committed a willful violation of the bankruptcy court's discharge injunction contrary to 26 U.S.C. § 7433(e). That statute provides: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section . . . 524 (relating to effect of discharge) of Title 11, United States Code . . ., such taxpayer may petition the bankruptcy court to recover damages against the United States." 26 U.S.C. § 7433(e)(1).

In the ordinary course, the case would next proceed to damages discovery and then to damages trial. The Internal Revenue Service, however,

has requested leave of this court to take an interlocutory appeal on the 7433(e) liability ruling, before there are any further proceedings in the bankruptcy court.

The governing statue is 28 U.S.C. § 158(a)(3), which allows such appeals of bankruptcy court interlocutory orders and decrees only "with leave of court." Case law in this District follows the standards for interlocutory appeals under § 1292(b), but with recognition that there is a greater measure of flexibility under § 158(a)(3). BancBoston Real Estate Capital Corp. v. JBI Assoc. Ltd. P'ship, 227 B.R. 569, 581 (D. Me. 1998); accord In re Williams, 215 B.R. 289, 298 n.6 (D.R.I. 1997); In re Bank of New England Corp., 218 B.R. 643, 652 (1st Cir. B.A.P. 1998). According to Judge Carter:

> Courts have stated that interlocutory certification under section 1292(b), and thus leave to appeal under section 158(a)(3), should be used "sparingly and only in exceptional circumstances." However, courts have also reasoned that discretion under section 158(a)(3) is greater than that afforded under section 1292(b), and that the bankruptcy context requires a more flexible view of finality. Hence, courts have advocated for a more pragmatic and liberal approach in determining the appealability of bankruptcy court orders.

BancBoston, 227 B.R. at 581-82 (citations omitted).

Under § 1292(b), interlocutory appeal is permitted only if the appealed order concerns a controlling question of law for which there is a substantial ground for a difference of opinion the immediate resolution of which may materially advance the ultimate resolution of the litigation. Id. at 581; U.S. Fidelity & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 53 n.10 (1st Cir. 2009).

2

Applying those standards as modified by BancBoston's more pragmatic and liberal approach, I conclude that interlocutory appeal in this case will not materially advance the ultimate resolution of the litigation (at least no more than interlocutory appeals of liability rulings might do in cases generally). If I were to allow the appeal and if the Internal Revenue Service were then to persuade me on the merits that the bankruptcy court erred in awarding summary judgment against it on liability, the remedy would be a further delay in a remand to the bankruptcy court for a trial on the merits of liability[1]—all that without addressing damages, the next step in the bankruptcy court without the interlocutory appeal.

Of course the Internal Revenue Service is vehement (like most defendants) that it should not be subject to liability.[2] But it can still pursue that argument on appeal from a final judgment after a damages determination is made. Its argument that "the damages phase of this litigation may consume considerable resources, whereas reversal of the liability determination would end the matter," Motion for Leave to Appeal Interlocutory Decision and Order at 1 (ECF No. 1), is one that many defendants can make, but it does not justify

---

[1] The Internal Revenue Service argues that this court should also reverse the bankruptcy court's denial of its motion for summary judgment on liability. Denials of summary judgment are almost never appealable, except in cases of qualified immunity. Cruz-Gomez v. Rivera-Hernandez, 444 F.3d 29, 33 (1st Cir. 2006) ("Orders of the district court denying pretrial motions for summary judgment typically are not appealable at the time they are entered.").

[2] Notwithstanding that in an earlier summary judgment proceeding, the bankruptcy court ruled that the debtor's tax obligations had been discharged for earlier years and that the Internal Revenue Service had improperly reversed the debtor's payments for later tax years and applied them to these earlier years. The Internal Revenue Service did not appeal that ruling or seek relief from it. Op. on Summ. J. at 5 (Me. Bankr. Case # 11-2020) (Dec. 20, 2013) (ECF No. 94-1).

interlocutory appeal. Piecemeal litigation is disfavored for sound reasons. I see no reason to depart from that principle here.

Finally, the medical condition of the Assistant United States Attorney, its impact on what the Internal Revenue Service did or failed to do in the bankruptcy court, and/or the effect of the bankruptcy judge's retirement (assertedly he might have had to recuse because of information given to him earlier about the medical condition), Motion for Leave to Appeal Interlocutory Decision and Order at 19 and Amended Reply to Plaintiff's Opposition to Motion for Leave to Appeal Interlocutory Decision and Order at 3 n.2 (ECF No. 3), do not alter my conclusion.

It will be best that this case proceed in the ordinary course without the interruption of an interlocutory appeal. The merits of the Internal Revenue Service's position on liability will not be prejudiced by reserving them for appeal after final judgment.

**SO ORDERED.**

**DATED THIS 4TH DAY OF MARCH, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**